Good morning, Mr. Kerbin. You have two minutes. You're brought on again whenever you're ready. Thank you, Your Honor. May it please the Court, Ruben Kerbin on behalf of the respondent Mercedes Tavarez. When my client was 18 years old, she came into the United States using her sister's passport. She later subsequently appeared for an adjustment interview and presented a false I-94 record. Through prior counsel in removal proceedings, she doubled down on that inconsistency and provided a misleading affidavit. Several years transpired and she remarried three kids, U.S. citizens, U.S. citizen husband, applied for relief from the fraud that she committed under what's called a 212I waiver. At the final hearing in that case, the judge determined that my client was non-credible, particularly based on the fact that she had presented a false I-94, had used her sister's passport, and presented a misleading affidavit. The judge failed to apply the correct legal standards in assessing her credibility. Counsel, can I just go to an issue which you addressed briefly in your brief, but I just want to make sure I understand. The question is whether the BIA found that your client had failed to challenge the IJ's finding that she did not merit a favorable exercise of discretion, so she had waived the challenge. Now, if we agree with that, that's sort of the end of the question. So, could you just direct us to pages in the brief that was submitted to the BIA where you take the position that you did challenge the denial of the favorable exercise of discretion, even assuming that we could review that, which is not clear to me, but just tell me where you preserved that. Yes, thank you, Honor. If I may, the judge made his- No, no, could you just give me the page numbers? That's all I need. The entire argument that we're making is based on credibility, that the judge made an incorrect- Did you say anywhere we challenged the denial of the favorable exercise of discretion? Did you say that? No, we did not. So how was the BIA supposed to guess you were going to do that? The denial based on discretion was based on three reasons that the judge cited. They were all the three representations that we've just discussed. I understand when you're saying that we have certain views of the world, but then you have to have a legal therefore, right? Therefore, I was credible. Therefore, I merit an exercise of discretion. Therefore, whatever it is. And I'm asking you, did you ever ask the BIA, or your client, ever ask the BIA and say, and therefore, this is the relief I wanted? Because you generally need to tell the BIA what you want to happen. Again, I'm not saying that necessarily makes you win or lose, but it sounds like you're saying you never said that. That the BIA should have gathered that from the gist of the brief? Correct. It's our position that those three issues are so intertwined into the main argument that not specifically stating them is not that sentence to that. And specifically, when the judge cited those three reasons, he didn't give any weight to the other probative testimony, any mitigating factors. He really did not apply the correct legal standard. This court has found on prior... You just said he didn't give weight to certain factors, right? Correct. But how is that a legal question? That's just a factual question. Well, he's not applying the substantial evidence standard, which is what this court... That's our standard of review. That's not how an IJ applies. Well, the IJ should have, in that particular case, considered all the evidence. One of the key pieces of evidence... Now you're basically making it factual. No, no. I'm not saying it's factual. I'm saying it's based purely on the standards that are being applied and failure to consider the relevant evidence that the judge... But a failure to consider the relevant evidence is you're disputing the weight according to the evidence, right? It's partially to weight, but if the judge completely misconstrues what had been presented and simply says, hey, because you lied before, I don't care about anything you're doing now, and I'm not going to consider your witnesses, I'm not going to consider your mitigating factors, I'm not going to consider the change in your circumstances, and I'm not going to consider the fact that the government has at its disposition the only piece of evidence that would which is the crux of our argument, that the judge, having had the ability to request DHS search the administrative records for admission using the sister's passport, failed to do so. When asked about it, didn't address it in the BIA decision either. We don't have discretion to review... We don't have jurisdiction, I'm sorry, to review the discretionary denial of a waiver of indexability. I understand that. I'm just trying to raise this as part of why we believe that the judge's decision is a legal error that can be reviewed. If I may, specifically, particularly on the issue of waiver, the judge cites only three misrepresentations that had transpired almost 25 years before. Never considering the fact that her circumstances had changed. I think that mitigating factors should be taken into account when the judge is making a decision based on credibility. By not having considered that, he didn't give the respondent a fair chance to present her case. Also, this court, just a few other points on this. In some other cases here, Hongfei versus Sessions, can't base the adverse findings solely on past inconsistencies. He must consider plausible explanations, which doesn't seem like it was here. The judge cited adverse factors, but didn't specifically point to any in the record. BIA also did not acknowledge that as well. Thank you. Good morning, Your Honors. Arthur Rabin for the respondent. May it please the court, the issues in this case involve what's called a waiver of inadmissibility. The immigration judge was put in an unenviable position of having 10 years of litigation over this issue. This was a lady that came in, admittedly, she admitted, she conceded that she came in fraudulently. However, not only did she produce a fraudulent passport for her sisters, not only did she produce a false counterfeit I-94 entrance record, but she then perpetrated a fraud on the court by permitting her attorney to maintain that these were valid documents, as well as a false affidavit, and that she had made an entry in December of 2001. Then in the midstream, she changed when she was caught. Counsel, I think we are generally familiar with the facts. Could you just go to whether we even have jurisdiction to review this case? Because I think that's the heart of it now. Yeah. So, Your Honor, this is a two-tier jurisdictional level of analysis. One, first of all, there are two statutory provisions, 1182I and 1222, I'm sorry, 1224, I have it in my notes. Yeah, 1252A2B, specifically prohibit judicial review of discretionary decisions. And there were two made in this case. So, turning to the very last one that Your Honor mentioned, which was the ultimate exercise of discretion. The judge in this case not only said, as a discretionary matter, you haven't met the prima facie elements of a waiver of inadmissibility, but stepping back as an ultimate exercise of discretion, you have not merited our discretion. So, I guess my question is, would we have jurisdiction to review that ultimate discretionary call? No, Your Honor, because there was no... So, if that's true, would that be all we have to say, or is there more we'd have to say for you to win? So, I have to also correct myself. It's not a jurisdictional matter now. So, procedural exhaustion is not, as the Supreme Court said, it's not a jurisdictional matter anymore. It's a procedural matter. So, yes, the court, if the government raises it, and we are, the court cannot review an unexhausted claim. And the BIA specifically found that the ultimate exercise of discretion was waived, because in their brief and their notice of appeal to the board, they did not, that two-tier level analysis, the second tier was never appealed to the board for review. And thus, the court can at that point stop and say, we will not, based on exhaustion. But even assuming this court does find jurisdiction, on the second, on the very first tier of the analysis, that is, we would submit that also that is not reviewable. Now, that is a jurisdictional issue, because petitioners have not raised a question of law, a valid, cognizable question of law in this case, because what they're challenging is basically the judge's weighing of the evidence. The petitioners, they're quarreling with the weight of her explanations that were provided to the immigration judge without actually addressing that she did lie, she did produce counterfeit arguments, and when she was confronted with these, she was dissembling in her demeanor. The judge did review what corroborative evidence she did provide, which was one witness, and the judge said that is insufficient for you to overcome an adverse credibility finding by just producing a friend, a close friend of many years, to say, well, yes, you did enter the United States at the time and manner that you say you did, in June and not in December. The judge said no, because you have been in proceedings for 10 years. How is it that you have not produced, if you used your sister's passport, how have you not produced your sister? How have you not produced some kind of airport record, whether it's a ticket or some kind of other record that says, you made an entry at the time and manner that you did? And the judge said that one witness was insufficient. Given the fraud that was committed on this court and on her own attorney, it was insufficient to overcome the adverse credibility finding. So subject to the court's questions, that is what covered it. I just have one question. I just want to understand how these two issues overlap with each other. My understanding is that if she failed to raise a cover question on the law, that's dispositive because absent of showing that she was admitted, she's ineligible for an adjustment of status under 1255A, right? Correct, Your Honor. And so the IJ then in that situation didn't need to reach the waiver admissibility issue under 1182 because the failure to establish that she's admitted is dispositive, right? Yes, Your Honor. Yeah. I mean, how is the judge supposed to know, given her lies, what manner and what time she actually entered? When was she admitted? What is there to waive? All right. Thank you. Yes, Your Honor. Mr. Kirby, you have two minutes. Thank you. Regarding the last point counsel raised, it's our position that it's unreasonable to require the petitioner to obtain records that are exclusively controlled by the government. Nobody else could get the DHS records from the airport except from DHS. It's impossible for the petitioner to obtain that record. The passport, based on the testimony, was admittedly destroyed by the sister. And this whole series of events destroyed the relationship between petitioner and her sister so much that- I'm sorry, you said admittedly. Usually you say admittedly when you're saying my opponent admittedly. I- You're saying that your client- Based on what she's told me- Not admittedly. Okay. Usually that's saying the other side has conceded something. Based on what the petitioner has shared with me, her relationship with her sister has been destroyed over these events, and that's why she cannot produce her into the court. She did, however, produce the next best piece of evidence that she could provide, which was an eyewitness that picked her up from the airport the day that she arrived, and consistently testified that she picked her up, where they went, how she was dressed. Those details would have sufficed to take care of that, the issue of whether or not she was legally admitted into the country qualifying her for the waiver. Going back to what the issue is here, we're not arguing the discretion of the judge or his ability to be the ultimate fact finder here. What we're saying is that he simply made a decision based on an incomplete record, applied the wrong legal standard, and failed to analyze mitigating factors, as did the BIA, which would bear heavily on the decision. The fact that somebody was 18 at the time versus when they're already 40 and have married or three kids, you're a very different person. We all make mistakes. I felt that the standard applied was incorrect, and I hope that this court will review the record and remand. Thank you. Thank you. Thank you both. We'll reserve decision. Have a good day.